UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FLORA GULYAN

                     Petitioner,

          -against-

WARDEN, F.C.C. DANBURY,

                     Respondent.
-----------------------------------------------------------------x

**MEMORANDUM and ORDER**

06-CV-4942 (SLT)

**TOWNES, United States District Judge:**

*Pro se* petitioner Flora Gulyan ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On July 5, 2005, pursuant to a plea agreement, Petitioner pleaded guilty to conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) before this Court. Under the terms of her plea agreement, Petitioner waived the right to file an appeal or otherwise challenge the conviction in the event that this Court imposed a sentence of 37 months or below. On November 23, 2005, the Court sentenced Petitioner to 31 months' imprisonment, three years' supervised release, a $100 special assessment, and restitution in the amount of $217,764.61. Petitioner did not file a direct appeal of her sentence or conviction.

In this petition, Petitioner does not challenge her guilty plea, but attacks the validity of the Court's sentence. Petitioner asserts that her sentence should be altered because: (1) the Court imposed restitution jointly and severally as to Petitioner and her co-defendants; (2) Petitioner is willing to negotiate a "compromise" restitution amount; and (3) that the incarceration has adversely affected her 21-year-old daughter and her health. For the reasons set forth below, the petition is dismissed as procedurally barred and beyond the subject matter jurisdiction of the Court.

**DISCUSSION**

1

## I. Legal Standard

The Court will grant a petition for habeas corpus under 28 U.S.C. § 2255, only if (1) the Petitioner's sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See Woodard v. United States*, No. 04 Civ. 9695, 2005 U.S. Dist. LEXIS 26802, at *6 (S.D.N.Y. Nov. 8, 2005) (citing *Johnson v. United States*, 313 F.3d 815, 817 (2d Cir. 2002)); *see also United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) ("[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 further provides that, if any of these enumerated grounds is present, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## II. Procedural Default

Relief under Section 2255 "is an extraordinary remedy," not a substitute for a direct appeal. *Mallard v. United States*, Nos. 98 CV 7507, 95 CR 379, 2009 WL 1873665, at *2 (E.D.N.Y. June 29, 2009) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). As a result, claims made under Section 2255 that were not raised on direct appeal are procedurally barred by default. *See Bousley*, 523 U.S. at 621-22; *see also Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review."). Procedural default "is

2

particularly appropriate where, as here, the [petitioner] pled guilty" because of the heightened concern for finality. *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998) (citing *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Here, Petitioner's claims are procedurally barred as she failed to appeal her sentence to the Second Circuit.

To avoid the procedural bar, a petitioner must demonstrate either that there was cause for the default and actual prejudice resulted, or that she is actually innocent of the crime to which she pled guilty. *Brooks v. United States*, No. 09-CV-2336, 2009 WL 2707371, at *2 (E.D.N.Y. Aug. 25, 2009) (citing *De Jesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998)). "Cause" is "something external to the petitioner" which "cannot fairly be attributed to [her]." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). A waiver of the right to appeal in a plea agreement does not constitute cause. *Id.*; *see also United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) ("[W]e are loathe to countenance so obvious a circumvention of a plea agreement . . . . The government, this court, the public, *and* criminal defendants have legitimate interests in the integrity of the plea bargaining process and in the finality of sentences thus imposed."). Moreover, to show prejudice, a petitioner must show "actual and substantial disadvantage," not merely the possibility of prejudice. *Mallard*, 2009 WL 1873665, at *2. Finally, to show actual innocence, a petitioner must show "factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley*, 523 U.S. at 623).

In this case, Petitioner has not shown cause, prejudice or actual innocence. Accordingly, her defaulted claims remain procedurally barred and this petition is dismissed.

## II. Petitioner's Claims

In any event, the Court is without subject matter jurisdiction to review Petitioner's claims.

3

### a. Challenge to Restitution

With regard to her attack on the restitution order and her offer to negotiate a "compromise" on restitution, the Second Circuit has squarely held that challenges to restitution orders are not cognizable under a Section 2255 motion to vacate. *Bimpeh v. United States*, Nos. 05 Civ. 3011, 03 Cr. 206, 2008 WL 4861705, at *1 (S.D.N.Y. Nov. 10, 2008) (citing *Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003)); *see also McEwan v. United States*, 279 F. Supp. 2d 462, 464 (S.D.N.Y. 2003). In *Kaminski*, the Second Circuit specifically stated that Section 2255 "may not be used to bring collateral challenges addressed solely to noncustodial punishments." 339 F.3d at 87.

*Kaminski* did leave open the possibility that a § 2255 motion may nevertheless be appropriate where a petitioner alleges that a restitution order is so burdensome that it amounts to a restraint on her liberty. *Id.* Petitioner does not allege that restitution amounts to a restraint on her liberty, but instead argues that the Court improperly imposed the restitution jointly and severally against Petitioner. In any case, the Court-ordered restitution in this case, like the restitution in *Kaminski*, does not amount to a restraint on liberty. In *Kaminski*, the restitution order the court found to be non-custodial was limited to monthly payments of the greater of ten percent of petitioner's monthly income or $100. *Id.* Here, the restitution order seeks payments in the amount of $25 per quarter while in custody and at a rate of twenty-five percent of net disposable income per month while on supervised release. *See* Sentencing Tr. 6. Accordingly, the Court cannot review Petitioner's claims challenging her restitution order through this § 2255 petition.

Finally, the Court notes that restitution in Petitioner's case was mandatory. *See United States v. Agate*, 613 F. Supp. 2d 315, 320-21 (E.D.N.Y. 2009) (Congress expanded mandatory restitution to cover "offense[s] against property under [title eighteen]."). When multiple defendants cause a loss, the court may order each defendant to make full restitution and make their liability joint and several. *See United States v. Nucci*, 364 F.3d 419, 422 (2d Cir. 2004). The victim may not, however, recover more than the entire loss. *See Nucci*, 364 F.3d at 423. Upon a showing to the court and the Attorney General of a material change in a defendant's economic circumstances, the court may modify the payment schedule. *See* 18 U.S.C. § 3664(b). A defendant is, however, liable for restitution for 20 years after she is released from the term of imprisonment or until death. *See* 18 U.S.C. 3613(b) and (f). Petition has failed to make the required showing to direct a change in her restitution order.

b.    **Challenge to Sentence**

With respect to Petitioner's claim seeking a reduction of her 31-month term of imprisonment, the issue is moot as she has been released from prison. Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A criminal case does not necessarily become moot when the convict finishes serving the sentence. Instead, the case will remain a live case or controversy if there exists "some concrete and continuing injury" or "collateral consequence" resulting from the conviction. *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (quoting *Spencer*, 523 U.S. at 7).

In her petition, Petitioner does not challenge her conviction, but only requests that the Court consider a lesser sentence based on the hardship to her daughter and to her health. Since Petitioner only disputes the length of her sentence, no presumption of a collateral consequence

exists to satisfy Article II's case-or-controversy requirement. *See id.* ("[Petitioner] acknowledges that he cannot rely upon the presumption of collateral consequences arising from a criminal conviction because he does not challenge his conviction—he contests only a sentencing enhancement. Nevertheless, [Petitioner] urges us to presume the existence of collateral consequences sufficient to satisfy Article III's case-or-controversy requirement. We decline to do so."); *see also Gomez-Vargas v. United States*, No. 07 CIV. 1864, 2009 WL 1024241, at *2 (S.D.N.Y. Apr. 15, 2009) ("Here, in addressing Petitioner's challenge solely to the length of his sentence, the Court is foreclosed from presuming such collateral consequences."); *Smith v. United States*, No. 05-CV-1243, 2008 WL 2795929, at *2 (E.D.N.Y. July 18, 2008) (same). Collateral consequences may not be presumed where a petitioner challenges the length of her sentence, which has already been served, because comparable civil disabilities generally do not arise from the length of a sentence. *Mercurris*, 192 F.3d at 293-94.

Petitioner's challenge to the length of her completed sentence will therefore only satisfy the constitutional case-or-controversy requirement if Petitioner can demonstrate that prevailing on her motion will relieve her "of some concrete and identifiable collateral effect of that sentence." *United States v. Hamdi*, 432 F.3d 115, 118 (2d Cir. 2005); *see also Mercurris*, 192 F.3d at 294. Here, Petitioner has made no such showing, and a review of the record reveals none. Accordingly, Petitioner's claim requesting a sentence reduction is moot.

## CONCLUSION

For the reasons stated above, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is dismissed as procedurally barred and beyond the scope of this Court's subject matter jurisdiction.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: February 25, 2010
Brooklyn, New York